UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR CAUFIELD,
Individual,

                              Case No.:

    Plaintiff,
v.

USAA SAVINGS BANK,
a foreign entity,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, ARTHUR CAUFIELD (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, USAA SAVINGS BANK (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), wherein Defendant unlawfully attempts to collect a consumer debt from Plaintiff via harassing and unlawful means, including unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite

1

Plaintiff repeatedly requesting Defendant to stop calling his cellular telephone.

## JURISDICTION, PARTIES, AND VENUE

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3).

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Defendant is a foreign entity that does business in Pinellas County, Florida.

5. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (727-XXX-6021) (hereinafter, "Plaintiff's Cellular Telephone"), and was the called party and recipient of Defendant's auto-dialed calls, as referenced below.

## FCCPA STATUTORY STRUCTURE

6. The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

7. The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who

"regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

8. Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

9. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor. *See* Fla. Stat. § 559.72(7).

## TCPA STATUTORY STRUCTURE

10. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

11. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

12. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

13. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id.* at § 227(b)(3)(C).

## **GENERAL ALLEGATIONS**

14. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

15. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

16. At all material times herein, Defendant attempts to collect a consumer debt, including but not limited to, a private loan balance allegedly owed by Plaintiff. (hereinafter, the "Debt").

17. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

18. At all material times herein, Defendant is a "person" subject to Florida

Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

19. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

20. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. Plaintiff retained undersigned counsel for purposes of this matter, and Plaintiff is obligated to pay his attorneys a reasonable fee and reimburse his attorneys for reasonable costs expended in this action.

22. All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## **FACTUAL ALLEGATIONS**

23. Plaintiff obtained a private loan financed by Defendant in or around 2015.

24. In or around January 2021, Plaintiff became delinquent on the Debt due to financial hardship.

25. Shortly thereafter, Defendant began bombarding Plaintiff's Cellular Telephone with a campaign of repeated collection calls.

26. On multiple occasions from January 2021 to present, Plaintiff requested Defendant to stop calling his cellular telephone and advised Defendant to communicate with him in writing as he used his cellular telephone for business purposes.

27. Despite Plaintiff's multiple requests, Defendant continued to place automated collection calls to Plaintiff's cellular telephone.

28. Defendant—or its authorized vendor or third-party agent acting within a scope of authority granted by Defendant, with the knowledge of the Defendant, and under the control of the Defendant—used an automated telephone dialing system or predictive telephone dialing system to place calls to Plaintiff's Cellular Telephone.

29. Defendant placed artificial voice calls to Plaintiff's Cellular Telephone from January 2021 to the present.

30. Defendant placed pre-recorded voice calls to Plaintiff's Cellular Telephone from January 2021 to the present.

31. Defendant never had consent to place artificial voice, automated calls, and pre-recorded calls to Plaintiff's Cellular Telephone.

32. Defendant's conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

33. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against

Defendant.

34. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

35. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

36. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

37. Specifically, as noted above, although Plaintiff repeatedly explicitly revoked consent, requested/demanded that the direct collection communication

cease, and explained why he was delinquent, Defendant nevertheless continued to call Plaintiff's Cellular Telephone it its attempts to collect the Debt.

38. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

48. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

49. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone in its attempts to collect the Debt.

50. If Defendant contends it possessed prior express consent, Plaintiff revoked such consent in or about January 2021 and several additional times thereafter.

51. Defendant's telephone calls complained of herein are the result of

repeated willful and knowing violations of the TCPA.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a.     The periodic loss of his cell phone service;

    b.     Lost material costs associated with the use of cell phone minutes allotted under his cell phone service contract;

    c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.     Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

    b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c.     Judgment against Defendant for maximum statutory damages for

violations of the TCPA;

    d.    Actual damages;

    e.    An award of attorneys' fees and costs; and

    f.    Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*